UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET BROWN<br><br>Plaintiff,<br><br>vs.<br><br>WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC<br><br>Defendants. | Civil Action No.<br><br>Division:<br><br>Magistrate:<br><br>Judge: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff(s), Margaret Brown, ("Homeowner"), who files this Complaint against Defendant, Wright National Flood Insurance Services, LLC, ("Insurer") on the grounds set forth below:

**I.    Jurisdiction & Venue**

1.

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq*.; and federal common law.

2.

This breach of contract action involves a federal flood insurance policy that Insurer provided to Homeowner pursuant to the NFIA.

1

3.

Pursuant to 42 U.S.C. § 4072, federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.

Federal courts, like this Court, have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.

This Court also has jurisdiction because the parties contractually agreed that Homeowner must bring any claim or claims handling disputes related to the insurance policy in this Court because the insured property (identified more fully below) is located in the Middle District of Louisiana.

6.

This Court has personal jurisdiction over Insurer because Insurer does business in and is authorized to do business in the State of Louisiana and because Insurer issued a policy of insurance covering property that is located in this State and Parish.

7.

Venue of this action is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. §1391(c), and 42 U.S.C. § 4072 (2014).

## II. Parties

8.

Homeowner is a person of the full age of majority and is domiciled in East Baton Rouge Parish, Louisiana, and at all times relevant herein was the owner of property located at municipal address 16312 Doyle Road, Baton Rouge, LA 70817.

9.

Insurer, Wright National Flood Insurance Services, LLC, is a foreign insurance company authorized to and presently doing business in in East Baton Rouge Parish, Louisiana.

10.

At all times relevant, Insurer was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

11.

Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Insurer was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

12.

Pursuant to 44 C.F.R. Section 62.23 (i)(1), Insurer was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

## III. Factual Background

13.

In mid-August 2016, long-duration flooding (the "Flood") devastated large segments of Louisiana, including causing physical changes and damage to the Homeowner's insured property ("Property"), which is located at municipal address 16312 Doyle Road, Baton Rouge, LA 70817.

14.

After the Flood, the Red Cross called it the worst natural disaster since Hurricane Sandy.

15.

The flood insurance policy is a Standard Flood Insurance Dwelling Policy ("Policy"), covering the Property.

16.

Homeowner paid all premiums when due and the Policy was in full force and effect at the time of the loss.

17.

The Policy Number is No. 17115057192805.

18.

On the date of the loss, this Flood damaged Homeowner's home and personal property located therein. Homeowner has incurred and/or will incur significant expenses to restore the Property to its pre-flood condition.

19.

Homeowner timely reported these losses to Insurer.

20.

Insurer hired and sent an adjuster to Homeowner's Property, and that adjuster, together with Insurer's approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, Insurer's general company claims handling standards, and/or with NFIP claims manuals.

21.

The Homeowner was forced to sign and submit a Proof of Loss to Insurer based on the insurance adjuster's inspection of the Property in order to receive an initial damage assessment payment.

22.

Ultimately, Homeowner realized that numerous covered items had been omitted or underpaid by Insurer.

23.

Because the adjuster's Proof of Loss and Insurer's payments based on it failed to adequately compensate Homeowner for all covered losses, Homeowner retained independent experts to evaluate the extent of the flood loss caused by and from flood.

24.

The experts found conclusive evidence that the flood event critically damaged Homeowner's covered property in an amount and scope far greater than what was found by Insurer's adjuster.

25.

These covered damages were thoroughly documented, and valid and timely Proof of Loss and supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate were submitted to Insurer for review.

26.

Despite receipt of documentation evidencing Insurer's substantial underpayment, Insurer has unfairly and improperly persisted in denying these claims, which are due under the policy.

### IV.  Claim for Relief: Breach of Contract

27.

Homeowner repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

28.

Homeowner and Insurer entered into an insurance contract when Homeowner purchased and Insurer issued the Policy.

29.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Homeowner for, among other things, physical damage to their Property by and from flood.

30.

Homeowner fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with Insurer regarding the flood insurance claim at issue in this lawsuit.  Homeowner complied with all conditions precedent to recovery by paying all premiums, timely notifying Insurer of loss, and by providing timely and satisfactory Proof of Loss.

31.

This is an action for damages as a result of Insurer's breach of the Policy, an insurance contract.

32.

The Flood physically changed and damaged the Property.

33.

Insurer materially breached the insurance contract when it wrongly failed to pay Homeowner for damages directly caused to the Property by or from the Flood. Insurer also breached the contract by failing to perform other obligations it owed under the Policy.

34.

By virtue of its various breaches of contract, including its failure to pay Homeowner for Homeowner's covered losses, Insurer is liable to and owes Homeowner for the actual damages Homeowner sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Homeowner may prove as allowed by law.

## V. Prayer for Relief

**WHEREFORE**, Homeowner respectfully requests that this Court enter judgment in Homeowner's favor for all such amounts Homeowner proves at trial, for expenses, for pre-judgment and post-judgement interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:   */s/ Rajan Pandit*
**RAJAN PANDIT,** Bar No. 32215
**JASON M. BAER**, Bar No. 31609
**CASEY C. DEREUS**, Bar No. 37096
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:    (504) 313-3800
Facsimile:    (504) 313-3820
Email:    laflood@panditlaw.com
COUNSEL FOR PLAINTIFF(S)